## COMMONWEALTH *vs.* LEWIS O. THOMPSON.

A man may be convicted of adultery who in good faith and in the belief that she is a widow marries and cohabits with a woman who has left her husband and remained absent from him for more than seven years together without hearing of him, if in fact her husband is still living.

INDICTMENT for adultery with Emeline B. Carlton.

At the second trial in the superior court, before *Allen*, C. J., after the decision reported in 6 Allen, 591, it appeared that in November 1861 the defendant was married to said Emeline, and lived with her as his wife thereafter. The defendant called said Emeline as a witness, who testified that she was married to William B. Carlton in 1847; that they lived together for about two years in Dracut in this state, and then for about a year in Lawrence; that he was of dissipated habits and neglected to provide for her, in consequence of which she left him, and lived afterwards in various places until her marriage with the

defendant; that before her second marriage she read in a newspaper of the killing of William B. Carlton in a drunken row, at Billerica in this commonwealth, and believed it to be her husband; that she had no knowledge that he was alive and had not seen or heard from him for more than eleven years; and that she told the defendant before she married him that she was a widow. It appeared however that her husband was still alive, since her second marriage.

The defendant requested the court to instruct the jury that if they were satisfied that he married the woman in good faith, believing her to be a widow, and cohabited with her under such circumstances, and did not know or believe that she had a husband alive, he would not be criminally punishable for adultery, if at the time of the marriage her husband had remained absent from her for seven years together, and neither she nor the defendant knew that he had been living within that time. But the judge declined so to rule, and instructed the jury that when a wife departs from her husband and remains absent and distant from him, as in the present case, without knowledge or inquiry respecting him, no presumption of his death arises from the fact that she had not heard from him for seven years which would justify her in marrying and cohabiting with another man, and justify another man in marrying and cohabiting with her, and that the facts in this case, though they might go greatly to mitigate the offence of the defendant, did not amount to a legal justification.

The jury returned a verdict of guilty, and the defendant alleged exceptions.

*G. F. Verry,* for the defendant, cited Gen. Sts. *c.* 165, § 5; *Commonwealth* v. *Thompson,* 6 Allen, 591, and cases therein cited; *Newman* v. *Jenkins,* 10 Pick. 515; *The King* v. *Twyning,* 2 B. & Ald. 386.

*Reed,* A. G., for the Commonwealth, cited, in addition to cases cited above, *Commonwealth* v. *Mash,* 7 Met. 474.

DEWEY, J. As already stated, in reference to the present case when presented on a former bill of exceptions, (6 Allen, 591,) the mere fact that the defendant married Emeline B

Carlton in ignorance of the fact that she had a husband living constitutes no legal defence to this indictment. The most favorable view in which this defence could be sustained was that stated in the former opinion, " that if it appeared that the husband had absented himself from his wife, and remained absent for the space of seven years together, a man who should, under the existence of such circumstances, and not knowing her husband to have been living within that time, in good faith and in the belief that she had no husband, intermarry with her and cohabit with her as his wife, would not by such acts be criminally punishable for adultery, although it should subsequently appear that the former husband was then living."

But the case stated in this bill of exceptions is wanting in one of the essential facts stated as the foundation for a right to presume the death of the husband. It is only to the person who leaves his home or place of residence and is gone more than seven years and not heard of, that this presumption is applicable. Here the wife went away, and the husband for aught that appears remained at Lawrence, or in the vicinity. The facts show affirmatively that he was residing in Dracut in this commonwealth in 1859. Dracut was the place of residence of the parties for two years succeeding their marriage, and was the only place where they lived together, except in Lawrence, which is in its vicinity.

In the facts stated, we see no sufficient ground for any presumption of the death of the husband upon which the wife of Carlton or the defendant could properly have acted. The superior court very correctly marked the distinction, in the case where the wife leaves her husband and remains absent from him, in the ruling and instructions given to the jury.

The fact that the misconduct of the husband authorized the wife thus to leave him and continue absent, although it might justify her against all cause of complaint by the husband, and even warrant her obtaining a legal divorce for desertion, if continued for five years, under the provisions of our statute, does not affect the legal guilt of the defendant, however much these circumstances may avail him in mitigation of his punishment.

*Exceptions overruled.*